## SAVAGE WHOLESALE GROCERY CO. v. REPUBLIC INS. CO.

### No. 9215.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 17, 1934.

Rehearing Granted April 4, 1934.

Rehearing Overruled May 2, 1934.

Dudley Tarlton, of Corpus Christi, and James R. Norvell, of Edinburg, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, and E. B. & Howell Ward, of Corpus Christi, for appellee.

SMITH, Justice.

On December 20, 1929, certain property of the Savage Wholesale Grocery Company, a corporation, was destroyed by fire while insured against such loss in a policy issued by the Republic Insurance Company.

A year later, on December 20, 1930, the grocery company was adjudged a bankrupt by a federal court, and B. M. Freudenstein was thereupon appointed receiver of the assets of the bankrupt estate.

Thereafter, on January 13, 1931, suit was brought in the name of the bankrupt corporation and Freudenstein as receiver to recover of the insurance company upon said fire policy.

Four days later, on January 17, 1931, Freudenstein, who originally brought the suit as receiver, was appointed trustee of the bankrupt estate; whereupon, on January 22, 1931, the insurance company moved to abate the suit, upon the ground that neither the bankrupt corporation nor its receiver was authorized by law to maintain the action, and that its said duly elected trustee only was so authorized. This plea in abatement was afterwards, on February 13, 1933, sustained; and the cause dismissed.

In the meantime, on January 17, 1931, Freudenstein had asked leave to intervene and to be "substituted in his capacity as trustee in place of his capacity as receiver," of the bankrupt estate, but this motion to intervene was not presented to the court and a ruling invoked thereon until after the plea in abatement had been sustained and the suit ordered dismissed. The motion for leave to intervene was thereupon denied. The original plaintiffs and intervener excepted to this order and gave notice of appeal, but no appeal was prosecuted directly therefrom.

Subsequently, on March 11, 1933, nearly four weeks after the cause had been dismissed, a joint motion to set aside the order of dismissal was filed by the bankrupt corporate plaintiff and J. W. Savage, J. G. Bond, and J. R. Norvell, alleged to be "all of the directors" of said corporation, and Freudenstein, trustee in bankruptcy, but not by Freudenstein in his capacity of receiver. In other words, the belated motion to set aside was signed by only one actual party to the suit, to wit, the bankrupt corporation. The other signers, Savage, Bond, Norvell, and Freudenstein, trustee, were strangers to the proceeding, not having been made parties thereto.

On the same day, March 11, 1933, Savage, Bond, and Norvell, as directors aforesaid, made application to "amend" the plaintiff's original petition filed in the case by the corporation and receiver; and also, on the same day, said Savage, Bond, and Norvell, as directors, and Freudenstein, as trustee, filed separate motions to revive the original suit. All these motions were together overruled by the court, and the proponents excepted and gave notice of appeal, which they have prosecuted to this court.

A few days later Freudenstein, in his authorized capacity as trustee in bankruptcy, instituted and is now prosecuting a suit in the same court to recover of the insurance company upon said policy in behalf of said bankrupt estate. This information is presented to this court in a suggestion and motion that this appeal be dismissed upon the theory that the question at issue herein is moot. We have concluded to dismiss the appeal upon that theory.

The record is confused by many motions of many parties. The situation may be simplified by eliminating Savage, Bond, and Norvell, who were never parties to the action below, Freudenstein, trustee, who was never a party to said action, and Freudenstein, receiver, who is not a party to the appeal. That leaves only the corporate bankrupt in the case.

There is a vast controversy between the parties as to whether the bankrupt corporation has the right to institute and maintain a suit upon a cause of action to recover a corporate asset. It seems to be well settled that the right and duty rests upon the trustee in bankruptcy to maintain suits to recover such assets of the bankrupt estate. It seems to be true, as well, however, that the corporate bankrupt may institute and maintain such suit until the trustee is appointed, or when the trustee or other lawful representative fails or refuses to do so—a contingency not present in this case.

But these collateral questions seem to be beside the case presented here, for, since the whole contention of appellants on this appeal is encompassed in the demand that the proper representative of the bankrupt estate be permitted to maintain an action against appellee upon the insurance policy in suit, and it has been properly made to appear that the trustee in bankruptcy, thereunto vested with full and exclusive authority, has actually brought and is now prosecuting such suit in a separate proceeding in the court below, the object of this appeal has become moot.

Accordingly, the appeal is dismissed.

### On Motion for Rehearing.

██ We have concluded upon rehearing that we were in error in dismissing the appeal. We conclude further that the judgment should be reversed, and the cause remanded.

The action was originally commenced by the bankrupt and its receiver, who was administering the bankrupt's affairs pending the appointment of a trustee. When the latter was appointed, it was his duty and prerogative under the law to intervene and prosecute the action. This he sought to do, by a plea in intervention, which was timely presented, but nevertheless denied by the trial court.

It seems clear that the trial court erred in refusing to permit the trustee to intervene. The latter's plea was in due form. It stated a good cause of action, was timely filed, presented, urged, and, if in such cases the trial judge is clothed with any discretion, the ruling in this case constituted an abuse of that discretion. The appeal must rest upon that ruling, and the pendency of another suit subsequently filed may not be invoked to cut off this appeal and thereby subject the action to defenses arising between the filing of the first and the second suits thereon.

Appellant's motion for rehearing will be granted, and the judgment reversed, and the cause remanded.